UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6303-CR-HURLEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs

EZEKIEL SWINTON,

    Defendant.

_____/



### DETENTION ORDER

Pursuant to Title 18, U.S.C. § 3142(f), on October 26, 2000, a hearing was held to determine whether the Defendant, Ezekiel Swinton, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is hereby ordered that the Defendant, Ezekiel Swinton, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The Defendant is charged with possession with intent to distribute fifty eight grams of crack cocaine. Therefore Defendant is charged with a narcotics offense. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the Defendant is substantial. The Defendant is facing life imprisonment. The Defendant was reported selling crack cocaine. In June

2000, the Defendant sold crack cocaine to an informant. Police approached the Defendant and as they did he threw down some marijuana. A search of his vehicle revealed fifty eight (58) grams of cocaine. Following his arrest he confessed. This transaction took place within 100 feet of a school. 18 U.S.C. 3142(g)(2).

3. The pertinent history and characteristics of the Defendant are as follows:. The Defendant is a United States citizen and lives in an apartment in Deerfield Beach with his girlfriend and their two children. His mother and nine siblings reside locally. He has three other children by another woman. The Defendant has an eighth grade education and hasn't worked for 3-4 years. Occasionally he works with his uncle mowing lawns. The Defendant has no assets and regularly uses marijuana. He has an extensive criminal history with convictions for drugs and assaults. 18 U.S.C. §3142 (g)(3)(A) and (B).

4. The Defendant continues to engage in criminal activity and is likely to do so if released. Accordingly, the Defendant constitutes a danger to other persons or the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based on the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a danger to the community.

The Court hereby directs:

1. That the Defendant be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting

or serving sentences or being held in custody pending appeal;

    2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

    3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 26th day of October, 2000 at West Palm Beach, Florida.

                                              LINNEA R. JOHNSON
                                              CHIEF U.S. MAGISTRATE JUDGE

cc:    Counsel of Record