

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

00-6303-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
v.                              )
                                )
EZEKIEL SWINTON,                )
                                )
            Defendant.          )
_____)

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

     A.   1.   The government is unaware of any written or recorded statements made by the defendants.

          2.   The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

          3.   No defendant testified before the Grand Jury.

4.  The NCIC record of the defendant, if any exists,
    will be made available upon receipt by this office.

5.  Books, papers, documents, photographs, tangible
    objects, buildings or places which the government
    intends to use as evidence at trial to prove its
    case in chief, or were obtained or belonging to the
    defendant may be inspected at a mutually convenient
    time at the Office of the United States Attorney,
    500 East Broward Boulevard, Fort Lauderdale,
    Florida, Suite 700. Please call the undersigned to
    set up a date and time that is convenient to both
    parties.

    The attachments to this discovery response are not
    necessarily copies of all the books, papers,
    documents, etc., that the government may intend to
    introduce at trial.

6.  A laboratory analysis report regarding the cocaine
    in connection with this case is attached.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States
    requests the disclosure and production of materials
    enumerated as items 1, 2 and 3 of Section B of the
    Standing Discovery Order. This request is also
    made pursuant to Rule 16(b) of the Federal Rules of
    Criminal Procedure.

C.  The government will disclose any information or
    material which may be favorable on the issues of
    guilt or punishment within the scope of Brady v.
    Maryland, 373 U.S. 83 (1963), and United States v.
    Agurs, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises
    of immunity, leniency, preferential treatment, or
    other inducements made to prospective government
    witnesses, within the scope of Giglio v. United
    States, 405 U.S. 150 (1972), or Napue v. Illinois,
    360 U.S. 264 (1959).

E.  The government will disclose any prior convictions
    of any alleged co-conspirator, accomplice or
    informant who will testify for the government at
    trial.

F.  No defendant was identified in a lineup, show up,

2

photo spread or similar identification proceedings.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

3

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

                Time:   2:00 p.m.
                Date:   June 9, 2000
                Place:  270 SW 5th Court, Deerfield Beach, FL

The attachments to this response are numbered pages _1_-_19_. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                        Respectfully submitted,

                        GUY A. LEWIS
                        UNITED STATES ATTORNEY

        By:     _____
                BRUCE O. BROWN
                Assistant United States Attorney
                Florida Bar No. 999490
                500 E. Broward Blvd. Ste. 700
                Fort Lauderdale, Florida 33394
                Tel: (954) 356-7255 ext. 3508
                Fax: (954) 356-7336

cc:  Special Agent Scott Ambrose,
     Drug Enforcement Administration

4

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail October 26, 2000 to: Robin Rosen-Evans, Assistant Federal Public Defender, 400 Australian Avenue North, Suite 300, West Palm Beach, Florida 33401.

BRUCE O. BROWN
Assistant United States Attorney