UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 00-6303-Cr-HURLEY/VITUNAC



UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EZEKIEL SWINTON,

    Defendant.

_____/

**DEFENDANT'S SPECIFIC DEMAND FOR BRADY MATERIAL**

Defendant, Ezekiel Swinton, through undersigned counsel, and Pursuant to Rule 12 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667 (1985); the Court's Standing Discovery Order; and Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure, and specifically demands that the government provide Defendant with the information specified below, as well as any other information qualifying for disclosure.

Evidence in the possession of the government or its agents regarding the presence of fingerprints on any physical evidence relevant to this case, that do not belong to Defendant, are



unidentifiable, that inculpate another, or the lack of any fingerprints, is exculpatory and material to the presentation of Defendant's defense. Based on the foregoing, Defendant specifically requests the following information:

    a.    Any and all memorializations of the processing for latent fingerprints and/or palm prints of any containers, packaging or surfaces which are related to the indictment in the above-captioned matter, whether in the possession of the FBI, the DEA, the Broward County Sheriff's Office, or any other state, federal, or local law enforcement agency. This request specifically includes, but is not limited to, all evidence seized at anytime which is related to the charges in the indictment.

    b.    Any and all efforts by any law enforcement agency to recover latent fingerprints and/or palm prints from any surface which is related to the indictment in the above-captioned matter, whether such efforts resulted in latents of value or not, including, but not limited to:

        I.    The names and address of those who made the attempts to recover the latent fingerprints and/or palm prints.

        ii.    Whether any latents of value were recovered and, if so:

            aa.    the number of latents recovered;

            bb.    the precise locations on the surfaces from where the lifts were recovered;

            cc.    whether such latents were compared to the known standard prints of Defendant;

    dd. whether the latents did not match the known standard prints of Defendant;

    ee. whether the latents were compared to the standard prints of another, or identified as belonging to another.

  iii. Whether prints were observed, but were either of no value for comparison, or were unable to be lifted, and the reasons why the prints were of no value and/or could not be lifted.

## Memorandum of Law

Evidence which is material either to guilt or punishment must be disclosed to the defense in a timely manner. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence that will "play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" must be provided by the government to the defense. *United States v. Lloyd*, 993 F.2d 348, 351 (D.C. Cir. 1993) (citations omitted). See also *United States v. Bagley*, 473 U.S. 667 (1985). Access to evidence is constitutionally guaranteed. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). "Taken together, this group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of our criminal justice system." *California v. Trombetta*, 467 U.S. 479, 485 (1984). If the material exists in the hands of the government or an agent of the state, the failure to disclose said evidence is a violation of the precepts of *Brady*, supra.

Undersigned counsel has contacted Assistant United States Attorney Bruce Brown, who takes no position on the requests made in this motion.

WHEREFORE Defendant respectfully requests that the government produce the information specified herein, as well as any other evidence subject to disclosure pursuant to *Brady*.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Robin C. Rosen-Evans
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 438820
400 Australian Ave. N., Ste. 300
West Palm Beach, Florida 33401
(561) 833-288 / 833-0368 (Fax)

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 16th day of November, 2000 to Bruce Brown, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

_____
Robin C. Rosen-Evans

4