UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 00-6303-Cr-HURLEY/VITUNAC



UNITED STATES OF AMERICA,

    Plaintiff,

v.

EZEKIEL SWINTON,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR DISCLOSURE OF EVIDENCE CONCERNING CONFIDENTIAL INFORMANT AND MEMORANDUM OF LAW

    Defendant, Ezekiel Swinton, through undersigned counsel, requests this Court enter an order directing the government to disclose the following information regarding the confidential informant in this case. Specifically Defendant states:

    1. Defendant is charged with distribution of crack cocaine, and possession with the intent to distribute crack cocaine..

    2. According to the discovery provided by the government a confidential informant was utilized by the Broward County Sheriff's Office in this case. Count I of the indictment charges Defendant with distribution of crack cocaine, presumably to this informant.[1]

---

[1] See Exhibit 1 which is a copy of the report filed by BSO Deputy Steven Robson



3. Defendant will assert at trial that he was not the individual who sold crack cocaine to the informant. The informant's identification testimony therefore becomes necessary to collaborate this defense at trial, making the disclosure of the informant's identity essential to the fair determination of the guilt or innocence in this case.

3. Defendant further requests the disclosure of following information in regard to the informant:

    (a)    the informant's name and last known address;

    (b)    all case numbers and names of the prosecutions in which this informant has previously been utilized by either the Broward County Sheriff's Office or DEA;

    (c)    any documentation concerning sums paid the informant in the instant and any other cases made by him/her while working with Broward County Sheriff's Office or DEA;.

    (d)    any promises of leniency or immunity made to the informant in exchange for his/her cooperation, including the dismissal or the reduction of charges or potential sentences;

    (e)    any existing NCIC, or FCIC printout and any other records available to the government reflecting the arrest and conviction history of this informant; and

    (f)    any state or federal government agency files or other information revealing matters relevant to the informant's credibility, mental or physical health, or narcotic or alcohol use or other dependency.

4. Undersigned counsel has contacted Assistant United States Attorney Bruce Brown who objects to this motion being granted.

## MEMORANDUM OF LAW

### Identity of Informant

While there is a public interest, in certain circumstances, to uphold the government's refusal to disclose the identity of a confidential informant, there is also a competing public interest in disclosing the identity of anyone whose testimony would be relevant and helpful to the defense of the accused, and/or is essential to a fair determination of the case. *Roviaro v. United States*, 353 U.S. 53, 60-61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957). There is no fixed rule requiring either disclosure or the protection of the informant's identity, rather there must be a balance struck between "the public interest in protecting the flow of information against the individual's right to prepare his defense." *United States v. Panton*, 846 F.2d 1335, 1336 (11th Cir. 1988). In reaching its decision, the Court must look to the circumstances of the case, the possible defenses available, the possible significance of the informant's testimony, and any other relevant factors. *Id.*

In the instant case, the informant is no mere tipster. He is the individual that the government is alleging made the actual exchange with Defendant. This transaction is the corpus of Count I of the indictment, and police observation of this transaction supplied the "lawful authority" for the warrantless search of the vehicle which revealed the cocaine which is the corpus of Count II of the indictment. There are no audio or video tapes of this transaction, and according to the police reports made available through discovery, law enforcement observation of this transaction was from a hidden vantage point. These circumstances not only call into question the accuracy of the officers identification of Defendant, but increase Defendant's need for the informant's testimony. Additionally, it is

believed that other people were in the area of the transaction when it occurred, and the informant may be able to testify that someone other than Defendant did the exchange.

It is clear that in the instant case, the disclosure of the informant's identity is relevant and helpful to the defense of the accused – which is that someone else other than Defendant is responsible for the distribution. Disclosure of the identity of this individual is also essential to a fair determination of this case because other than the actual perpetrator of the crime, the informant is the only other actual participant in the transaction. In such a situation, disclosure of the informant's identity is justified, but at the very minimum this Court should order an in camera hearing to determine what the informant's testimony will be in regard to the issue of identity. See *United States v. Rutherford*, 175 F.3d 899 (11th Cir. 1999)("trial court should have determined what confidential informant's testimony would have been with regard to defendant's misidentification defense before denying defendant's motion to disclose informant's name).

**Prior Use of Informant**

Information regarding the prior utilization of an informant which reveals the informant's *modus operandi* in setting up criminal transactions and in inducing other persons to participate in criminal activity may be material and favorable within the terms of *Brady v. Maryland*, 373 U.S. 83 (1963). See *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975). Such evidence is also discoverable, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), to aid in the impeachment of a witness.

**Preferential Treatment Given to Informant**

The Standing Discovery Order, compels disclosure of the "existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements

4

made to prospective government witnesses." Therefore, in compliance with this Court's order, Defendant seeks a full record of the monies paid to the informant as a result of his/her cooperation in this case as well as any other case in which the informant has provided services. Such detailed information and records are needed to avoid disputes regarding the nature and extent of payments made to the informant, and is discoverable pursuant to *Giglio v. United States*. Additionally, Defendant seeks disclosure of any promise, formal or informal, that would lead the informant to have an expectation of award in the instant case.

**Informant's Arrest and Conviction Record**

An informant's history of criminal activity is relevant to the consideration of his/her credibility, bias, motive and *modus operandi*. This information serves to illustrate the methods normally employed by the informant to achieve his/her goals. Such evidence "might easily extend beyond that of mere impeachment." *United States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990). In *Espinosa-Hernandez*, the Eleventh Circuit reversed the district court's failure to grant full discovery as to an undercover agent's misconduct relating to the handling of informants. *Cf. Haber v. Wainwright*, 756 F.2d 1520 (11th Cir. 1985) (prior criminal conduct relevant where witness may have been promised immunity). Along the same line, where an informant witness's prior presentence investigation report is in the possession of the government, disclosure should be ordered. *United States v. Trevino*, 556 F.2d 1256, 1271 n.7 (5th Cir. 1977).

**Information Reflecting Informant's History of Chemical Dependency and Mental Illness**

Information relating to a potential witness's credibility is discoverable and material to the defense. *See United States v. Piccinonna*, 885 F.2d 1529 (11th Cir. 1989). Particularly relevant is evidence that such an individual is undergoing psychiatric treatment, *United States*

5

*v. Lindstrom,* 698 F.2d 1154 (11th Cir. 1983), is otherwise physically or emotionally impaired, *United States v. Partin,* 493 F.2d 750, 762 (5th Cir. 1974), or is addicted to or abuses drugs or alcohol. *United States v. Collins,* 472 F.2d 1017 (5th Cir. 1972); *United States v. Fowler,* 465 F.2d 664 (D.C. Cir. 1972); *United States v. Romano,* 482 F.2d 1183 (5th Cir. 1973).

WHEREFORE, Defendant, Ezekiel Swinton, requests disclosure of the above-referenced information related to the confidential informant utilized by the government in the instant case.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

BY: _____
Robin C. Rosen-Evans
Assistant
Federal Public Defender
Attorney for Defendant
Florida Bar No. 438820
400 Australian Ave., N., Ste. 300
West Palm Beach, FL 33401
Tel: (561)833-6288; Fax: 833-0368

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was mailed on this ___ day of November, 2000, to Assistant United States Attorney Bruce O. Brown, 500 E. Broward Blvd., Ste. 700, Ft. Lauderdale, FL 33394.

_____
Robin C. Rosen-Evans

```
* I N C I D E N T   D E T A I L *                    BROWARD     IFF'S OFFICE
CASE# DR00-06-01595                                      06/  /00      22:26
8290 ROBSON,STEVEN                                        PAGE    1 OF    4
========================================================================

INCIDENT DATA:

   Incident type (offense):      TRAFFICKING IN COCAINE (28-200 GRAMS)
   Original / Supplement:        ORIGINAL
   Adult / Juvenile:             ADULT
   Special crime code:           OTHER
   Incident date:                06/09/00
   Incident time:                1402 HRS
   Date of arrest:               06/09/00
   Time of arrest:               1402 HRS
   Report date:                  06/09/00
   Report time:                  1402 HRS
   Zone:                         1006 S HIILS.BLVD., N SW 10ST; E SW 3AV, W 2AV

   Incident location:
     Street #:                   270
     Street direction:           SW SOUTHWEST
     Street name:                5
     Street suffix:              CT COURT
     City:                       DEERFIELD BEACH
     State:                      FL FLORIDA
     Zip Code:                   33441
   Incident location type:       PARKING LOT / APARTMENT BUILDING

   Arrest Location (if diff)
     Street #                    270
     Street direction:           SW SOUTHWEST
     Street name:                5
     Street suffix:              CT COURT
     City:                       DEERFIELD BEACH
     State:                      FL FLORIDA
     Zip Code:                   33441
   Officer injured (Y/N):        NO

   Summaries:
     # of offenses:              3
     # of victims:               1
     # of offenders:             1
     # of vehicles:              1
     # of weapons:               0

------------------------------------------------------------------------
INVOLVED PERSON (01):

   Person code:                  VICTIM
   Person type:                  GOVERNMENT
   Last name/business name:      STATE OF FLORIDA

------------------------------------------------------------------------
INVOLVED PERSON (02):

   Person code:                  ARRESTEE
   Person type:                  ADULT
   Last name/business name:      SWINTON
   First name:                   EZEKIEL

   Permanent address:
     Street #:                   270
     Street direction:           SW SOUTHWEST
     Street name:                5
     Street suffix:              CT COURT
     Apt #:                      #2
     City:                       DEERFIELD BEACH
     State:                      FL FLORIDA
     Zip code:                   33441
   Resident type:                CITY
   Employer/school name:
     Occupation/title:           UNEMPLOYED
   Drug influence (Y/N):         NO
```

1

```
* I N C I D E N T   D E T A I L S  *              BROWARD SHERIFF'S OFFICE
CASE# DR00-06-01595                                          06/10/00   22:26
8290 ROBSON,STEVEN                                           PAGE   2 OF   4
================================================================================

   Alcohol influence (Y/N):      NO
   Race:                         BLACK B
   Sex:                          MALE M
   Age:                          30 YOA
   DOB (mm/dd/yr):               01/10/70
   Handbook given (Y/N):         NO
   Extent of injury:             NONE
   Driver license #:             S 535- 200-70-010-0
   NTA (Y/N):                    NO
   Alias/street name:            " ZEEK "
   Place of birth - city:        BOYNTON BEACH
   Place of birth - state:       FL FLORIDA
   Citizen (Y/N):                YES
      Citizenship country:       US UNITED STATES OF AMERICA
   Clothing description #1:      ORANGE SHIRT / SHORTS
   Height:                       5'07"
   Weight:                       210 LBS
   Eye color:                    BROWN BRN
   Hair color:                   BLACK BLK
   Hair length:                  SHORT
   Hair Style:                   AFRO/NATURAL
   Face hair:                    UNSHAVEN
   Complexion:                   DARK BROWN DBR
   Teeth:                        GOLD - 2 TOP
   Appearance/Demeanor:          NERVOUS
   Speech/Voice:                 ACCENT
   R/L Handed:                   RIGHT
   Build:                        HEAVY
   Arresting Officer(name):      ROBSON,STEVEN
      CCN #:                     8290
      Agency:                    BS
      Division:                  DLE

   Narcotics:
      Activity 1:                TRAFFIC
         Qty 1:                  58.3
         Unit 1:                 GRAM(S)
         Type 1:                 COCAINE - CRACK
      Activity 2:                POSSESS
         Qty 2:                  RESIDUE
         Type 2:                 MARIJUANA

   Charges:
      Offense # 1                TRAFFICKING IN COCAINE (28-200 GRAMS)
         Codes/Warrant&Bond #1   1FY      50,000   893.135      350A
      Offense # 2                POSS.COCAINE W/ INTENT TO DEL W/IN 1000FT SCHOOL
         Codes/Warrant&Bond #2                     893.13
      Offense # 3                POSS. MARIJUANA UNDER 20 GRAMS
         Codes/Warrant&Bond #3   1MY         100   893.13       350A

--------------------------------------------------------------------------------
INVOLVED VEHICLE (01):

   Vehicle status:               IMPOUNDED
   Damage code:                  N/A
   Vehicle type:                 AUTO
   Method of theft:              N/A
   Make:                         SUBARU
      Model:                     LEGACY
      Year:                      1990
      Body style:                4DR HARDTOP
      Tag registration #:        TEMP# V-828693
      Registration state:        FL FLORIDA
      Registration year:         2000
   VIN/Hull/FAA #:               VIN# JF1BC643LK605319
   Doors locked (Y/N):           NO
   Window closed (Y/N):          YES
   Keys in ignition (Y/N):       NO
   Color - top:                  GRAY
```

```
* I N C I D E N T   D E T A I L S *                      BROWARD SHERIFF'S OFFICE
CASE# DR00-06-01595                                         06/10/00    22:26
8290 ROBSON,STEVEN                                            PAGE   3 OF   4
================================================================================

    Color - bottom:            GRAY
    Towed by:                  VRCHOTA'S TOWING
      Storage location:        2571 W. HILLSBORO BLVD   DEERFIELD BCH, FL
    Person/Vehicle link 1:     SWINTON            ,EZEKIEL    /AR     PERSON 02
      Person/Vehicle rel. 1:   OTHER

--------------------------------------------------------------------------------
INVOLVED PROPERTY (01):

    Property status:           EVIDENCE

    Item # 1:
      Type:                    DRUG
      Person/Prop. link:       SWINTON            ,EZEKIEL    /AR     PERSON 02
        Person/Prop. rel:      OWNER
      Quantity:                58.3 GRAMS
      Description:             SUSPECT CRACK COCAINE (FIELD TEST POSITIVE)
      Date recovered:          06/09/00
        Value $ recovered:

    Item # 2:
      Type:                    DRUG
      Person/Prop. link:       SWINTON            ,EZEKIEL    /AR     PERSON 02
        Person/Prop. rel:      OWNER
      Quantity:                RESIDUE
      Description:             SUSPECT MARIJUANA   (FIELD TEST POSITIVE)
      Date recovered:          06/09/00
        Value $ recovered:

--------------------------------------------------------------------------------
NARRATIVE:

    I received information from a confidential informant (C.I.) that the
    defendant, who the C.I. called by name, was selling crack cocaine,
    "parlays", from the above listed location. The C.I. is documented with
    B.S.O. and has proven to be truthful and reliable.

    On June 09, 2000, I utilized the C.I. to make a controlled purchase of
    crack cocaine from the defendant, Ezekiel Swinton. Detectives Brian
    Philbrick CCN# 5493 and G. Weller CCN# 8293 assisted in the
    investigation. The C.I. was searched by Detective Weller and was found
    to be absent of any monies or contraband. The C.I. was given an amount
    of B.S.O. official investigative funds (O.I.F.) and travelled to 270 SW 5
    Ct Deerfield Beach. The C.I. was kept under constant surveillance as he
    approached Swinton, who was sitting in a chair in front this location.
    The C.I. did not stop or speak to anyone while he travelled to the
    location. I was in a strategic location for observation, which allowed
    me to watch Swinton and the C.I.

    The C.I. made contact with Swinton and after a brief conversation, I
    observed the C.I. give Swinton money. Swinton then walked over to the
    truck of a gray 4-door Subaru, which was parked in the East parking of
    this location. Swinton opened the trunk, reached inside and removed
    something. The C.I. walked over to Swinton as he was removing the
    item(s) from the truck. Swinton then handed the C.I. the item he removed
    from the truck. The C.I. then travelled directly back to Detective
    Weller. The C.I. was again kept under constant surveillance and did not
    stop or speak to anyone during this time. Upon meeting with Detective
    Weller, the C.I. turned over five pieces of suspect crack cocaine.

    The C.I. advised that the crack cocaine was purchased from Swinton,
    which was obtained from the truck of the car which was parked in front of
    apartment #2. The C.I. further stated that there was additional crack
    cocaine inside the trunk. The C.I. was again searched and was found to
    absent of any monies or contraband, including the O.I.F. issued earlier.

    I maintained surveillance on Swinton the vehicle. No other persons were
    observed coming into contact with the vehicle. Swinton remained seated
    in front of this location.
```

3

```
* I N C I D E N T   D E T A I L S *              BROWARD SHERIFF'S OFFICE
CASE# DR00-06-01595                                    06/10/00    22:26
8290 ROBSON,STEVEN                                     PAGE    4 OF    4
===============================================================================
```

Myself, Detective Philbrick and Detective Weller then responded to Swinton's location. Upon arriving, I observed Swinton throw down a small clear plastic bag containing suspect marijuana particles. I could also smell a strong odor of marijuana. I recovered the bag and detained Swinton. I field tested the particles from the bag and it tested positive for the presence of marijuana. Swinton was asked who the Subaru belonged to and he stated that he did not know. No keys were found to the vehicle. No owner was located and it was registered in Ft. Lauderdale, via B.S.O. teletype. I went over to the vehicle to investigate the possibility of additional crack cocaine in the truck. The truck of the vehicle was locked, but the doors were unlocked. I gained access to the truck through rear seat folding down. I observed a plastic container of "country crock shedds spread" butter with the lid

---

NARRATIVE:

off. The lid was lying next to the container. Inside the container, I observed clear plastic bags containing several pieces of suspect crack cocaine. I seized the plastic container and lid. I conducted a field test of the crack cocaine and it tested positive. Swinton was taken into custody and transported to the District 10 Office for processing. The Subaru was towed to Vrchota's towing. Swinton was searched and was found to in possession of $ 1,350.00 U.S. currency. Contained within this money was the O.I.F. used to purchase crack cocaine from Swinton by the C.I. The O.I.F. was identified by the currency serial numbers which were prerecorded.

Once at the District office the crack cocaine was removed from the container. The crack cocaine was in three clear plastic sandwich bags. Two of the bags were tied closed in a knot and the third was open. The open bag was weighed and found to contain 15.0 grams. The second bag which was tied closed as found to contain 22.8 grams and the third bag which was also tied closed was found to contain 20.5 grams. The total weight of crack cocaine was 58.3 grams. The plastic container, lid and the plastic bags were processed for latents by Detective Philbrick. See Detective Philbrick's latent report for further information. The remaining $ 1,300.00 U.S. currency taken from Swinton was seized and placed into property for confiscation.

I interviewed Swinton at the District 10 Office with Detective Philbrick. Swinton was advised of his Miranda Warnings. Swinton stated that he understood his rights and agreed to answer questions. I asked him where the keys to the Subaru were and he stated that a female who he did not identify had them. I asked him who the Subaru belonged to and he stated that another female left the vehicle there. When asked about the crack cocaine in the trunk, Swinton stated that the crack belonged to him. Swinton advised there was originally four bags of crack cocaine, but he had already sold one bag and was selling from the second bag. Swinton stated that he was working for someone who dropped off the crack cocaine already cooked inside a tied plastic grocery bag. Swinton further stated that he placed the crack cocaine in the same plastic container it was found in.

END OF NARRATIVE SECTION

DEPUTY _____ SUPERVISOR _____ 93 20