UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6303CR-HURLEY

U.S. Magistrate Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EZEKIEL SWINTON,

    Defendant.
_____



### DEFENDANT'S MOTION FOR PRETRIAL DISCLOSURE OF RULE 404 EVIDENCE AND INEXTRICABLY INTERTWINED EVIDENCE AND INCORPORATED MEMORANDUM OF LAW

Defendant, EZEKIEL SWINTON, by and through his undersigned counsel, moves this court for entry of an Order directing the Government to immediately disclose any specific "bad act" or "similar course of conduct" evidence it intends to offer at trial, either in its case-in-chief or in rebuttal, pursuant to Rule 404 of the Federal Rules of Evidence, as to Defendant, and further directing the Government to identify the witnesses through whom such evidence will be presented at trial and, in support thereof, states as follows:

1. Defendant stands charged with knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine base within 1,000 feet of a public elementary school on June 9, 2000, in violation of 21 U.S.C. Sections 841(a)(1) and 860, and 18 U.S.C. Section 2, and committing this offense after two or more prior convictions for drug felony offenses became final [**Count I**]; and knowingly and intentionally possessing with intent to

distribute in excess of fifty (50) grams of a mixture and substance containing a detectable amount of cocaine base within 1,000 feet of a public elementary school on June 9, 2000, in violation of 21 U.S.C. Sections 841(a)(1) and 860, and 18 U.S.C. Section 2, and committing this offense after two or more prior convictions for drug felony offenses became final [**Count II**].[1]

    2.    The elements of identity, knowledge and intent often are shown by circumstantial evidence. In this regard, the Government may seek to introduce evidence of other acts and/or wrongs aside from those alleged in the Indictment to show the identity, intent and knowledge of Defendant. See Rule 404(b), Federal Rules of Evidence.

    3.    Rule 404(b) provides as follows:

> Other crimes, wrongs or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such a proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case, shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Of course, Defendant does not now challenge the introduction of any such similar crime or act evidence, but merely requests that the Government be required to disclose with specificity the nature of this evidence and the witnesses upon whom the Government intends to rely in establishing the evidentiary foundation prerequisite to admission of any such evidence at trial.

---

    [1]    The Indictment also charges Defendant with Forfeiture, pursuant to 21 U.S.C. Section 853(p).

4.  Rule 404(b) incorporates a requirement that **advance notice** be given when other crimes or wrongs will be shown at trial. In addition, this Court has the power to require such pretrial disclosure, and at least one Court has stated its preference for pretrial disclosure. United States v. Foskey, 636 F.2d 517, 526 (D.C. Cir. 1980). See also Weinstein's Evidence, 404(01), pp. 404-13. Judge Weinstein suggests that pretrial disclosure permits the setting of limitations to prevent abuse and allows defendants to prepare adequately to meet the issues. Further, he suggests that springing these matters as a surprise at trial may bring the balance test of Rule 403, Federal Rules of Evidence, into play.[2]

5.  In United States v. Baum, 482 F.2d 1325 (2d Cir. 1973), the Second Circuit reversed a conviction for possession of stolen goods where a pretrial motion to reveal the identity of a Government witness was denied and the witness testified at trial that the defendant previously had received stolen goods unrelated

---

[2] See also Rule 12(d)(2), Federal Rules of Criminal Procedure, which provides as follows:

**Rule 12. Pleadings and Motions Before Trial; Defenses and Objections**

* * *

**(d) Notice by the Government of the Intention to Use Evidence.**

* * *

**(2) At the Request of the Defendant.** At the arraignment or as soon thereafter as is practicable the defendant may, in order to afford an opportunity to move to suppress evidence under subdivision (b)(3) of this rule, request notice of the government's intention to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to discover under Rule 16 subject to any relevant limitations prescribed in Rule 16.

to possession of the particular goods as set forth in the Indictment. In so doing, the Court stated:

> "Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor. The failure to reveal Greenhalgh's identity until he was presented as a witness confronted the trial judge with the hard choice of interruption of the trial or denial to the defense of a reasonable opportunity of meeting the severe impact of this aspect of the prosecutor's evidence." 482 F.2d, at 1331-32.

Accordingly, the Court ordered a new trial so that the defendant could be provided a "fair opportunity to meet the critical and damaging proof of an offense not presented against him in the Indictment."[3] See also United States v. Roybal, 566 F.2d 1109 (9th Cir. 1977).

6. Defendant suggests that the issues of identity, knowledge and intent will be vigorously contested at trial in this action. Likewise, Defendant anticipates that, aside from the acts charged in the Indictment, the Government will attempt to rely upon evidence of other wrongs, acts or crimes to demonstrate identity, knowledge, motive or intent on the part of Defendant on the charge alleged in the Indictment. Given the seriousness of the charge in the instant Indictment, Defendant contends that he would be denied his Fifth Amendment right to due process of law and his Sixth Amendment right to assistance of counsel if the Government is permitted to conceal, until trial, the **particular** other crimes or

---

[3] Compare United States v. Braasch, 505 F.2d 139 (7th Cir. 1974), where the Court cited Baum but held there to be no error since Defendant had notice or opportunity to meet the Government's proof of uncharged criminal conduct.

acts it intends to offer in evidence and the identities of those persons upon whom it will rely to show such other similar acts or wrongs. Without pretrial disclosure of the requested information, Defendant cannot adequately prepare to meet such "similar act" evidence. See United States v. Strofsky, 409 F.Supp. 600 (S.D.N.Y. 1973).

7. In Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), the United States Supreme Court made the following observation in reference to Rule 404(b) evidence:

> "[T]he Government may ... (not) ... parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo. Evidence is admissible under Rule 404(b) only if it is relevant. 'Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in a case.' ...In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the Defendant was the actor." Id., 108 S.Ct. at 1501. (citations omitted).

The Court in Huddleston made it clear that the trial court should make a preliminary determination of admissibility of 404(b) evidence under Rule 104(b), Federal Rules of Evidence.

8. Moreover, to prevent undue prejudice at trial, Defendant anticipates filing a Motion in Limine to seek exclusion of all such similar acts or other crime evidence. It would be premature for Defendant to file such a Motion at this time; however, pretrial disclosure by the Government of the information sought to be obtained in this Motion will facilitate an orderly trial and allow Defendant the opportunity to timely seek exclusion of such prejudicial and non-relevant evidence.

9. This Court should also require the Government to disclose to the defense each instance or event the prosecution intends to offer in evidence which is not specifically charged in the Indictment and which is regarded by the Government as "inextricably intertwined" evidence.[4] Unless such disclosure of evidence is made, the defense cannot adequately prepare to argue the legality of its admission. Indeed, to permit the Government to present such evidence without first making advance disclosure thereof to the defense, and permit sufficient review by the defense, will surely result in protracted argument and objection during the presentation of testimony at trial. Moreover, presently the Government exercises its own unfettered discretion in deciding what is "inextricably intertwined" evidence and what is properly 404B evidence.

10. At a minimum, it has been recognized that the proper procedure for the Government to follow on all evidence claimed to be "inextricably intertwined" should consist of a proffer made by the prosecution outside the presence of the jury so that the defense may adequately address all legal objections thereto. In United States v. Alex, 790 F.Supp. 801 (N.D. Ill. 1992), the district court for the Northern District of Illinois made the following observation:

> "After careful consideration, the court reserves ruling on this 'other acts' evidence until trial when we will be in a better position to evaluate the proffered evidence in context. In this vein, we caution the

---

[4] The doctrine allowing introduction of "other crimes" evidence as "inextricably intertwined" with the charged crime should be applied narrowly. See United States v. Hill, 953 F.2d 452, 457 n.1 (9th Cir. 1991).

<u>government that before Patrick's testimony regarding this 'other acts' evidence may be admitted it must make an offer of proof outside the presence of the jury demonstrating that the uncharged transactions are 'inextricably intertwined' with the RICO conspiracy and attempted extortion offenses charged in the indictment and are close in time to the charged offenses.</u>" Id., at 803 (emphasis supplied). See also United States v. Messino, 882 F.Supp. 728, 733-34 (N.D. Ill. 1995).

11. The Government has indicated in its Response to the Standing Discovery Order that it will advise Defendant of its intent, if any, to introduce 404B evidence, and gave notice that all evidence presently disclosed or any future evidence may be offered as 404B or inextricably intertwined evidence. The prosecution also indicated that it may introduce evidence underlying Defendant's past criminal activity resulting in arrests and/or convictions, as summarized in attached court documents. (No prior record was attached). (Response to SDO, Para. H). Defendant maintains that this announcement by the prosecution is insufficient to satisfy the advance notice requirements of Rule 404B and the authorities hereinbefore cited. The Government's notice obligation should be more specific in content. See, e.g., United States v. Robinson, 110 F.3d 1320, 1326 (8th Cir. 1997). To require the defense to guess what, if any, past criminal activity could be used as 404B or inextricably intertwined evidence simply does not comport with the notice requirements of Rule 404B or the Standing Discovery Order filed in this case. Moreover, the defense cannot adequately present its objections to this Court on the admissibility of any such 404B or inextricably intertwined evidence, where the Government has not announced, with specificity, the evidence to be presented.