UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   00-06303-CR-HURLEY

UNITED STATES OF AMERICA

v.

EZEKIEL SWINTON,

　　Defendant.

### GOVERNMENT'S OPPOSITION TO A REDUCTION OF SENTENCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its Opposition to a reduction of sentence for this defendant and states the following:

1.　In pertinent part, the United States Sentencing Guidelines were amended, effective November 1, 2007 to reduce the crack cocaine offense levels effectively by two (2) levels under the *Drug Quantity Table* set forth in the United States Sentencing Guidelines, Section 2D1.1(c).

2.　The United States Sentencing Commission voted, on December 11, 2007, to retroactively apply this amendment.

3.　Defendant seeks to have his sentence reduced by the two levels accordingly.

4.　The Government submits this memorandum of law to address the Defendant's request and further states that the guideline amendment is not applicable to Defendant as he was sentenced

as a career offender.

## MEMORANDUM OF LAW

**A.     The Amendment**

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712.  Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

  (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

  (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. <u>See</u> U.S.S.G., Supplement to

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

---

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

**B.    Defendant's Prior Sentence**

On April 21, 2001, Defendant pled guilty to Count 2 of a two count Indictment, which count charged him with Possession with Intent to Distribute at least fifty (50) grams of cocaine base ("crack cocaine") within one thousand (1,000) feet of a public elementary school. The Government dismissed the remaining count against Defendant. The amount of crack cocaine involved in the offense had a net weight of 58.8 grams. The base offense level was 32. However, Defendant was found to be a career offender, thus, pursuant to the application of U.S.S.G. Section 4B1.1, Defendant's offense level was enhanced to 37, that which is required of a career offender. With a three-level reduction for timely acceptance of responsibility, Defendant's adjusted offense level was 34, with a criminal history category of VI. The sentencing guideline range was 262-327 months. Defendant was subject to a statutory mandatory minimum of ten (10) years' imprisonment. Defendant was sentenced on July 16, 2001 to 262 months, the Court finding that Defendant qualified as a career offender. Again, Defendant's classification as a career offender, under U.S.S.G. § 4B1.1 was not disputed or rejected by This Honorable Court.

Defendant's Judgment conviction and sentence stand.

**C.    Defendant Does Not Qualify for Modification as he is a Career Offender**

This Court should not reduce the defendant's sentence because Amendment 706 does not have the effect of lowering the sentencing range under which the defendant was sentenced. The defendant was sentenced as a career offender, pursuant to USSG §4B1.1, based on his prior convictions for other drug trafficking and/or violent offenses. Because the defendant's offense level was controlled by Section 4B1.1 and not affected by the underlying offense level, Amendment 706, which changes offense levels under Section 2D1.1, has no bearing on the defendant's offense level.

See <u>United States v. Hankerson</u>, 224 Fed. App'x 900 (11th Cir. 2007) (although retroactive amendment affected Chapter Two offense levels, it did not lower defendant's sentencing range because he had been sentenced as career offender); <u>see also</u> USSG §1B1.10(b)(1) ("the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected").

Stated differently, the defendant was not "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), so he is not entitled to relief. Moreover, pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may be reduced only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission established that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." USSG §1B1.10 (a)(2)(B) (emphasis added). Because Amendment 706 would not result in a different sentencing range for the defendant, this Court cannot reduce his sentence. See <u>United States v. Armstrong</u>, 347 F.3d 905, 908 (11th Cir. 2003) (district court correctly denied section 3582(c)(2) motion because retroactive amendment did not reduce defendant's offense level).

## **CONCLUSION**

The amended guideline does not apply to Defendant in this case as he was sentenced as a

6

career offender. Thus, his request must be denied.

**WHEREFORE**, the Government respectfully submits its position on reducing Defendant's sentence and asks that his sentence not be reduced as Defendant was sentenced as a career offender, thus rendering the guideline amendment inapplicable.

.                                       Respectfully submitted,
                                        R. ALEXANDER ACOSTA
                                        UNITED STATES ATTORNEY

                               By:   s/ Bruce O. Brown
                                        BRUCE O. BROWN
                                        Assistant United States Attorney
                                        Florida Bar No. 999490
                                        500 E. Broward Blvd., Suite 700
                                        Ft. Lauderdale, Florida 33394
                                        Tel: (954) 356-7255, ext. 3514
                                        Fax:(954) 356-7336
                                        Bruce.Brown2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on      June 23, 2008      , I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served today by United States mail to those parties who are not authorized to receive or did not receive the electronically filed Notices of Electronic Filing as indicated in the Service List:

                                        s/   Bruce O. Brown
                                        BRUCE O. BROWN
                                        ASSISTANT UNITED STATES ATTORNEY

**SERVICE LIST**

**United States v. Ezekiel Swinton
Case No.: 00-6303-CR-HURLEY
United States District Court, Southern District of Florida**

Bernardo Lopez
Assistant Federal Public Defender
Bernardo_Lopez@fd.org
One East Broward Boulevard
Suite 1100
Fort Lauderdale, Florida 33301
Telephone: (954) 356 - 7436
Facsimile:  (954) 356 - 7556
Attorney for Defendant Ezekiel Swinton
Transmission of Notice of Electronic Filing